## Peter N. Gerrity
### v.
## William C. Brady.

*Pleading—Gambling Transaction—Sufficiency of Allegations.*

An averment of a conclusion is not good pleading, but the facts from which that conclusion follows should be clearly stated.

[Opinion filed March 19, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Mr. S. A. French, for appellant.

Messrs. Knight & Brown, for appellee.

Gary, J.   The appellant sued the appellee, specially setting out the circumstances which he averred constituted a gambling transaction, by which the appellee was winner of $500 of his money that he wants back.   Without more extra judicial knowledge than the present members of this court possess, of the various devices for gambling, that averment seems inconsistent with the facts alleged, and a bare averment of a conclusion is not good pleading.   Facts from which the court can see that the conclusion follows, should be stated.

" The terms fact and truth are often used in common parlance as synonymous; but, as employed in reference to pleading, they are widely different.   A fact in pleading is a circumstance, act, event, or incident; a truth is the legal principle which declares or governs the facts, and their operation and effect.   Admitting the facts stated in a complaint, the truth may be that the plaintiff is not entitled, upon the face of his complaint, to what he claims."   Drake v. Cockroff, 10 How. Pr. R. 377.   This quotation is made as

apposite to the frequent argument that such averments, of results, are averments of facts.

Why, if the appellant has any cause of action, does he not follow the direction in Sec. 132, Criminal Code? Judgment affirmed.

*Judgment affirmed.*